IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerry L. Cagle, | C. A. No. 2:09-0115-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Jerry L. Cagle, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff previously filed applications for disability insurance benefits and supplement security income on August 26, 2003, with a protective filing date for supplemental security income of May 14, 2003. These applications were denied initially on November 6, 2003, and were not appealed.

Thereafter, on April 12, 2005, the plaintiff filed an applications for disability insurance benefits and supplemental security income benefits, alleging an onset date of January 10, 2003, due to inflammatory musculoskeletal impairments and depressive disorder with some anxiety. The applications were denied initially and on reconsideration by the Social Security Administration. On December 21, 2005, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared on March 17, 2008, with her attorney and her sister Sharon Allsbrook, as well as Mary Cornelius, a vocational expert, considered the case de novo. (Tr. 40-68). On April 21, 2008, the administrative law judge found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 24-36). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on November 19, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.
>
> 2. The claimant engaged in substantial gainful activity during part of January and February of 2005 but has not otherwise engaged in substantial gainful activity since January 10, 2003, the

alleged onset date (20 CFR 404.1520(b), 404.1572, et seq., 416.920(b) and 416.971 *et. seq.*). ...

3. The claimant has the following severe impairments: inflammatory musculoskeletal impairment and depressive disorder with some anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). ...

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work except he is limited to performance of unskilled work in a low stress environment which I define as requiring few decisions, with no requirement for interaction with the public. He is limited to no more than occasional balancing, stooping, kneeling, crouching, or crawling with no requirement for climbing ladders, ropes, or scaffolds. Because of possible side effects of medications, he should not be exposed to hazardous situations such as unprotected heights or dangerous machinery. ...

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). ...

7. The claimant was born on December 14, 1957, was 45 years old, which is defined as "a younger individual age 18-49," on the alleged disability onset date, and is currently 50 years old, defined as "closely approaching advanced age" (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Skills from the claimant's past work are not transferable to work within his current residual functional capacity. ...

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966). ...
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 10, 2003, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 24-36.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence.

4

42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

### **GROUNDS PRESENTED**

> 1.) The administrative law judge erred by failing to consider the evidence of rheumatoid arthritis, Sjorgren's syndrome and inflammatory arthritis.
>
> 2.) The administrative law judge erred in the assessment of the evidence in determining the

5

plaintiff's residual functional capacity.

3.) The administrative law judge erred by failing to give a treating physician's opinion sufficient weight.

4.) The administrative law judge erred by propounding an incomplete hypothetical question to the vocational expert.

5.) The appeals council erred by failing to consider evidence submitted to the appeals council.

## **DISCUSSION**

A review of the record and relevant case law reveals that the Commissioner's decision should be affirmed.

The plaintiff first asserted that the administrative law judge committed reversible error by not considering the evidence of rheumatoid arthritis, Sjorgren's syndrome and inflammatory arthritis. However, in his decision, the administrative law judge explicitly considered the evidence regarding an underlying inflammatory process suggestive of either rheumatoid arthritis or Sjogren's syndrome and in fact, determined that Plaintiff had a severe inflammatory musculoskeletal impairment (Tr. 27, 30).

Plaintiff appears to be arguing that in addition to finding that he had a severe inflammatory musculoskeletal impairment, the administrative law judge should have also specifically found that his rheumatoid arthritis and Sjogren's syndrome were severe impairments. In the instant case, the rheumatoid arthritis and Sjogren's syndrome are covered by the administrative law judge's

finding that the Plaintiff has a severe inflammatory musculoskeletal impairment. Clinical evidence suggestive of either rheumatoid arthritis or Sjogren's syndrome was first obtained in January 2006, three years after Plaintiff's alleged onset of disability. Although Plaintiff was diagnosed with rheumatoid arthritis on January 24, 2006, treatment records reflect that Plaintiff was treated in a conservative manner with medication, and that no restrictions nor functional limitations were ever indicated in any physician's contemporaneous treatment records. See, Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986)(conservative treatment not consistent with an allegation of disability); see also, Bernhart v. Walton, 535 U.S. 212, 217-22 (2002)(claimant must show that his impairments caused functional limitations); Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) (the proper focus is a claimant's functional limitations, not a diagnosis); SSR 96-3p (a determination that an individual's impairment is nonsevere requires an informed judgment about the limitations and restrictions the impairment may impose).

Moreover, clinical examinations failed to show significant abnormalities. Rather, physical examinations revealed no swelling, effusion, or deformities of the joints, no evidence of nodules, no obvious synovitis, no problems with fine and gross motor movements, no problems with grip strength, and

normal range of motion except for the knee joint (Tr. 230-31, 294, 298, 349, 352-53). In addition, the record reflects that Plaintiff never went to a rheumatologist, although being advised to see one. Plaintiff asserts that he could not afford to see a rheumatologist. However, there is no indication in the record that he ever sought free or low cost treatment from a rheumatologist. See, Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1984) (claimant must show that he has exhausted all free or subsidized sources); SSR 82-59 (All possible resources must be explored and contacts with such resources and the claimant's financial circumstances must be documented.); see also, Tate v. Apfel, 167 F.3d 1191, 1197 (8th Cir. 1999) (claim of financial hardship rejected where there was no evidence claimant attempted to obtain inexpensive or subsidized health care). Based on the evidence of record, the administrative law judge reasonably discounted claims of rheumatoid arthritis and Sjogren's syndrome, and reasonably recognized the underlying inflammatory disease in finding Plaintiff had a severe inflammatory musculoskeletal impairment.

Second, the plaintiff asserted that the administrative law judge failed to properly determined Plaintiff's residual functional capacity (RFC).

Residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and

mental activities in a work setting on a regular and continuing basis. See, SSR 96-8p. Plaintiff's apparent argument that the administrative law judge failed to discuss his ability to perform work on a sustained basis as required by SSR 96-8p is misplaced. As set forth in his decision, the administrative law judge determined that Plaintiff could perform a range of light work (Tr. 28). With regard to the ability to perform work on a full-time basis, the Fourth Circuit has held that an administrative law judge's conclusion that a claimant could perform a range of work implicitly contained a finding that the claimant could work an eight-hour day, so as to satisfy SSR 96-8p. See, Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) ("In light of SSR 96-8p, [the administrative law judge's] conclusion [that Plaintiff could perform a range of sedentary work] implicitly contained a finding that Mr. Hines physically is able to work an eight-hour day.")

SSR 96-8p also requires the administrative law judge to reference evidence supporting his conclusion with respect to a claimant's residual functional capacity, citing the specific medical facts. Here, it appears that the administrative law judge's RFC analysis conforms with that set out in SSR 96-8p. The decision in this case reflects that the administrative law judge considered and discussed Plaintiff's medical records and the findings of the treating and examining physicians as well as

9

Plaintiff's own subjective testimony (Tr. 29-34). For example, the administrative law judge noted that an MRI and x-rays of Plaintiff's lumbar and cervical spine were essentially normal (Tr. 29). Similarly, the administrative law judge noted that clinical examinations failed to demonstrate any significant abnormalities (Tr. 30), and laboratory studies were only suggestive of some underlying inflammatory process (Tr. 30). It was only after he considered all of the relevant evidence of Plaintiff's impairments and any related symptoms, as well as the combined effects of all of Plaintiff's impairments, that the administrative law judge determined that the RFC restriction to light unskilled work in a low stress environment with no required interaction with the public was reasonable. (Tr. 30-32, 34). See 20 C.F.R. § 404.1546 (administrative law judge responsible for assessing residual functional capacity).

Plaintiff disagrees with the administrative law judge's RFC assessment, but he failed to present credible evidence which would contradict that assessment. See 20 C.F.R. § 404.1545 (claimant's are responsible for providing the evidence needed to make a finding about their RFC). Recognizably, Dr. Mattheis opined that Plaintiff could not perform the exertional standing and walking requirements of light work; however, as discussed below, the administrative law judge's decision to give little weight to Dr. Mattheis' opinion in his determination of

Plaintiff's residual functional capacity is supported by substantial evidence. (Tr. 34).

In short, the administrative law judge's discussion of Plaintiff's RFC properly articulated how the evidence of record supported his residual functional capacity assessment and satisfied the requirements of SSR 96-8p and should be upheld.

Third, the plaintiff claims that the administrative law judge erred by failing to give treating physician Dr. Mattheis' opinion sufficient weight.

One of the functions of the administrative law judge is to weigh and resolve conflicting medical evidence. See Moss v. Gardner, 411 F.2d 1195 (4th Cir. 1969). However, an administrative law judge may not substitute his or her own untrained medical opinion for that of a medical professional. See, Wilson v. Heckler, 743 F.2d 218 (4th Cir. 1984). If a court finds that a treating source's opinion on the issue(s) of the nature and severity of the impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, the court will give it controlling weight. See, Stroup v. Apfel, 205 F.3d 1334 (4th Cir. 2000).

Here, the administrative law judge specifically considered Dr. Mattheis' opinion (Tr. 34), and found it to be unpersuasive based on the evidence of record as a whole. See, Hunter v.

11

Sullivan, 993 F.2d 32, 35 (the treating physician rule does not require that the testimony of a treating physician be given controlling weight); Morgan v. Barnhart, 142 F. App'x 716, 722 (4th Cir. 2005) (administrative law judge must evaluate all evidence in the case record to determine the extent to which the treating physician's legal conclusion is supported by the record).

In his decision, the administrative law judge gave little weight to Dr. Mattheis' opinion because it was not supported by his own treatment notes, which contained very few references to abnormalities and did not contain any restrictions on Plaintiff's activities. See, Doyle v. Astrue, 2009 WL 424225, at 12-13 (D.S.C. 2009) (fact that treating physician's records do not show that he placed any restrictions on claimant's activities, supports the administrative law judge's determination to give little weight to treating physician's opinion).

Dr. Mattheis indicated that he provided his opinion regarding Plaintiff's limitations after seeing Plaintiff only two times. (Tr. 271). In considering the weight to give to a treating physician's opinion, an administrative law judge may consider the length of treatment. See, 20 C.F.R. § 404.1527(d)(2)(I). Moreover, Dr. Mattheis' treatment notes reflect limited findings and do not contain any objective clinical findings or laboratory diagnostic testing to support the

12

extreme functional limitations contained in his opinion; and, as mentioned above, are devoid of any restrictions or limitations upon Plaintiff's activities. See, Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (administrative law judge should give little weight to a treating source opinion when the treating source performed no objective tests); 20 C.F.R. § 404.1527 (we will give controlling weight to a treating source's medical opinion if it is well supported by medically acceptable clinical and laboratory diagnostic techniques); Vandenboom v. Barnhart, 412 F.3d 924, 928 (8th Cir. 2005) (administrative law judge could reject treating physician's opinion that claimant was disabled because the physician did not impose restrictions commensurate with purported limitations). In addition, Dr. Mattheis' opinion that Plaintiff could sit, stand, and walk for less than two hours in an eight-hour work day was not based on any objective tests, and instead appears to rely solely on Plaintiff's subjective complaints. As such, the administrative law judge properly assigned little weight to the opinion. See, Johnson v. Bernhart, 434 F.3d 650, 658 (4th Cir. 2005) (administrative law judge should give little weight to a treating source opinion when the treating source performed no objective tests and instead relied on the claimant's subjective complaints); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (administrative law judge allowed to assign lesser weight to the opinion of a treating physician

that was based largely upon claimant's self-reported symptoms).

Even if the court were to disagree with the administrative law judge's interpretation of the evidence, no reversal is appropriate. "It is not within the province of a reviewing court to determine the weight of the evidence, nor is the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (citing Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). The decision should be affirmed.

Fourth, the plaintiff contends that the administrative law judge erred in positing a hypothetical question to the vocational expert which did not contain limitations on his ability to stand or walk. However, as discussed above, the administrative law judge gave little weight to the medical opinion regarding limitations on standing and or walking and, as a result, the administrative law judge was not required to include limitations on standing or walking in his hypothetical question. See, e.g., Lee v. Sullivan, 945 F.2d 687, 692 (4th Cir. 1991)(a requirement introduced by claimant's counsel in a question to the vocational expert was not sustained by the evidence, and the vocational expert's testimony in response to the question was without support); see also, Forte v. Barnhart, 377 F.3d 892, 897 (8th Cir. 2004) (A hypothetical question need only include those

limitations found credible by the administrative law judge).

Here, in response to a hypothetical question that contained all the limitations the administrative law judge found credible, the vocational expert testified that Plaintiff could perform the job of plumbing assembler, electronics assembler, and hand packer. As such, the administrative law judge properly relied upon the vocational expert's testimony to determine that there were other jobs that the plaintiff could perform despite his impairments, and his conclusions should be upheld.

Fifth, the plaintiff contends it was reversible error for the Appeals Council to incorporate new evidence into the record but then not articulate the weight it accorded the evidence or why it did not change the denial of benefits. Plaintiff relies on <u>Harmon v. Apfel</u>, 103 F.Supp.2d 869, 871-72 (D.S.C. 2000) which in turn relied on a Fourth Circuit decision, <u>Jordan v. Califano</u>, 582 F.2d 1333, 1335 (4th Cir. 1978), for the proposition that the Appeals Council must articulate its reasons. In <u>Jordan,</u> in the context of a case brought under the Federal Coal Mine Health and Safety Act, the Fourth Circuit found that the Appeals Council's assertion that it had considered new evidence, but was denying review, was insufficient. 582 F.2d at 1335.

However, more recent Fourth Circuit decisions reject the idea that the Appeals Council must articulate its own assessment of additional evidence or that such articulation is necessary to

15

allow courts to conduct meaningful review of the additional evidence. See, Hollar v. Comm'r of Soc. Sec. Admin., No. 98-2748, 194 F.3d 1304 (table), 1999 WL 753999 at 1 (4th Cir. Sept. 23, 1999) (noting that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision"); Freeman v. Halter, 15 F. App'x 87, 89 (4th Cir. 2001) (concluding that the Appeals Council need not list detailed reasons for its rejection of additional evidence). Although Freeman and Hollar are unpublished, they nevertheless represent the Fourth Circuit's current reasoning on this issue, and are far more current than the 31-year-old decision in Jordan. The District Judge in Harmon, agreed with the Jordan rationale. 103 F.Supp.2d at 871-72. Five years after Harmon, however, the District Judge, in Jackson v. Barnhart, 368 F.Supp.2d 504, 508 (D.S.C. Feb. 16, 2005)(Duffy, P.), noted that there was "no requirement that the Appeals Council 'articulate its own assessment of the additional evidence' in its decision to deny review." citing Freeman, 2001 WL 847978, at 2, and Browning v. Sullivan, 958 F.2d 817, 823 (8th Cir. 1992).

It also appears that the Fourth Circuit's rationale in Freeman and Hollar is consistent with that of several other circuits. As the Tenth Circuit has recently explained on this issue, an express analysis by the Appeals Council might be

16

helpful, but is not required. See, Martinez v. Barnhart, 444 F.3d 1201, 1207-08 (10th Cir. 2006) ("While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, Mr. Martinez points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review."); see also, Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994); Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993). As a result, it does not appear that the plaintiff is entitled to a reversal of the Commissioner's denial of benefits because the Appeals Council did not do an express analysis of the evidence submitted by the plaintiff.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

Respectfully Submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
January 21, 2010

17