IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry L. Cagle, | ) | C/A No. 2:09-115-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Jerry L. Cagle, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the Social Security Act.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits is supported by substantial evidence and that such decision should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation. The plaintiff has submitted timely objections and the Commissioner has replied to such objections.

## PROCEDURAL HISTORY

The plaintiff previously filed applications for DIB and SSI on August 26, 2003. These applications were denied initially on November 6, 2003 and were not appealed.

The plaintiff again applied for SSI on April 12, 2005 alleging disability as of January 10, 2003 due to inflammatory musculoskeletal impairments and depressive disorder with some anxiety. Plaintiff also alleges disability due to mental problems, no energy, fatigue, anxiety, depression, impaired memory, hallucinations, chronic back and neck pain, stiffness and joint pain, arthritis, knee and hand joint pain, and instability.

The plaintiff was 50 years old at the time of the decision denying benefits. He has a ninth grade education and past relevant work experience as a boiler maker and sandblaster.

The plaintiff's SSI application was denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on March 17, 2008 and issued a decision on November 19, 2008, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by

substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's

3

medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n. 1 (4th Cir.2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir.1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

DISCUSSION

*The ALJ's Findings*

In his decision of November 19, 2008, the ALJ made the following findings: (1) plaintiff retained the residual functional capacity ("RFC") to perform unskilled light work in a low stress environment with no requirement for interaction with the public; (2) plaintiff was

4

unable to perform his past relevant work; (3) there were a significant number of other jobs in the national economy that plaintiff could perform; and (4) plaintiff was not under a "disability" as defined by the Act at any time through the date of his decision.

*The Magistrate Judge's Report and Recommendations and Plaintiff's Objections*

The Magistrate Judge suggests that the Commissioner's decision should be affirmed. The plaintiff has filed an 18-page objection memorandum to which the Commissioner has responded. Plaintiff summarily objects to the Report and asserts that the ALJ and Magistrate Judge's decisions are not supported by substantial evidence. Plaintiff requests that the case be remanded to the ALJ for further evaluation of plaintiff's ability to satisfy the requirements of "light work" and evaluate the new evidence submitted to the Appeals Council. The Commissioner contends that the plaintiff merely reiterates his previously made arguments that have been addressed in the briefs and the Report and Recommendation.

As an initial matter, plaintiff argues that the Magistrate Judge failed to recommend that this matter be remanded for another hearing to allow the ALJ to consider the significant additional evidence submitted to the Appeals Council. After plaintiff's applications were denied, the plaintiff retained new counsel to represent him. New counsel obtained additional evidence to submit to the Appeals Council including examination notes and a questionnaire of Dr. LeBlanc of Black River Healthcare. These submissions were dated September 3 and 16, 2008, noting plaintiff's chronic hand pain and opining that the plaintiff has significant arthritis in his knees and hands which have been treated with steroid injections. Dr. LeBlanc also opined that the degree of arthritis in plaintiff's knees would prevent him from being able

5

to stand and/or walk for 6 hours out of an 8-hour workday and that the arthritis in plaintiff's hands would interfere with his ability to perform fine and gross movements effectively and repetitively. Plaintiff asserts that Dr. LeBlanc has been treating the plaintiff for a period of time and is his primary physician.

Plaintiff represents to the court that the Appeals Council did not address the new evidence in its decision and issued a form denial. The court is well aware of the conflicting case law on the issue of whether the Appeals Council must articulate and state reasons for the assessment of additional evidence. Nevertheless, it is reasonably possible that the additional medical evidence submitted to the Appeals Council could be material to the ALJ's decision that the plaintiff could perform light work, to include standing or walking for approximately 6 hours of an 8-hour workday.

Without a reasoned decision on the new evidence and a continuation of the sequential evaluation process, if necessary, the court cannot determine whether substantial evidence supports the Commissioner's decision. Therefore, the additional evidence that was presented to the Appeals Council needs further development.

## Conclusion

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290

(4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the parties objections thereto, the court remands this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as noted herein.

IT IS SO ORDERED.

September 20, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge